IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN EDWARD REYNOLDS,
BOP Inmate No. 12773030
(former Iowa Department of
Corrections Inmate No. 0803219),
     Plaintiff,

vs.                                          Case No.: 5:18cv13/MCR/EMT

B.E. BLACKMON, WARDEN, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the federal Bureau of Prisons ("BOP") proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) (ECF No. 1). Plaintiff claims that Defendants violated his Eighth Amendment rights by failing to provide adequate medical treatment for pain in his feet, neck, and back (*id.*). Plaintiff seeks monetary damages and injunctive relief (*id.*).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P.

72(b).  Upon consideration, for the reasons given below, the court recommends that this action be dismissed.

Because Plaintiff is a prisoner proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A.  A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964–65 (11th

Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); <u>Jackson v. Fla. Dep't of Corr.</u>, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); <u>Redmon v. Lake Cnty. Sheriff's Office</u>, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); <u>Shelton v. Rohrs</u>, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal

materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all of the information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent

some plain prejudice other than the mere prospect of a second lawsuit. *See* <u>Kotzen v.</u> <u>Levine</u>, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i) and 1915A(b)(1). Section VIII of the complaint form requires Plaintiff to disclose information regarding his prior litigation (ECF No. 1 at 38, 65–67).[1] That Section includes the following advisory:

> **ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

(ECF No. 1 at 38). In Plaintiff's Complaint, he answered "no" to all three questions regarding his litigation history, including Question A, which asks, "To the best of your

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system rather than page numbers Plaintiff may have assigned.

knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" (*id.* at 65–66). Plaintiff thus stated he has not had any case dismissed as frivolous, malicious, or for failure to state a claim. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." (*id.* at 67–68).

As routinely recognized by this court, the information from the Prior Litigation section of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

The court takes judicial notice that when Plaintiff was an inmate of the Iowa Department of Corrections, housed at Anamosa State Penitentiary, he and another inmate filed <u>Reynolds v. Schafer, et al.</u>, Case No. 1:92cv256-MJM in the United States District Court for the Northern District of Iowa.[2]  Review of that previous case shows that Plaintiff was incarcerated when he filed it.  The federal district court dismissed the prior case as frivolous.  *See* <u>Reynolds v. Schafer, et al.</u>, Case No. 1:92cv256-MJM, Order (dismissing case as frivolous), Doc. 4 (N.D. Ia. July 27, 1993).  Thus, Plaintiff should have identified that case in response to Question A of Section VIII of the complaint form.

---

[2] According to the docket of the Northern District of Iowa case, the inmate number of Plaintiff Brian Edward Reynolds was Iowa DOC No. 803219.  According to information available on the Iowa DOC website, Brian Edwards Reynolds, No. 803219, was supervised in a work release program, pursuant to a criminal judgment issued by the state court in Muscatine County, Iowa.  *See* https://doc.iowa.gov/offender/view/0803219.  According to the sentencing transcript of Petitioner's federal criminal case, <u>United States v. Reynolds</u>, Case No. 3:11cr42/RP/TJS, Petitioner committed one of his federal criminal offenses while he was on work release pursuant to his sentence in a Muscatine County case.  *See* <u>United States v. Reynolds</u>, Case No. 3:11cr42/RP/TJS, Transcript of Proceedings as to Brian Edward Reynolds held on August 14, 2012, Doc. 156 at 27 (S.D. Ia. Sept. 10, 2012).  This verifies that the Plaintiff in the instant civil rights case, Brian Edward Reynolds, BOP Inmate No. 12773030, is Brian Edward Reynolds, former Iowa DOC Inmate No. 0803219.  Additionally, in 2010, Plaintiff Brian Edward Reynolds, Iowa DOC Inmate No. 0803219, filed a federal civil rights case while he was an inmate of the Iowa DOC's Mount Pleasant Correctional Facility, complaining that medical staff failed to provide adequate medical treatment for Scheuermann's Disease, a spinal condition.  *See* <u>Reynolds v. State of Ia.</u>, Case No. 4:10cv157-JEG, Order Granting Motion for Summary Judgment, Doc. 32 at 1 (S.D. Ia. Nov. 10, 2010).  In the instant Complaint, Plaintiff mentions that he suffers from "Schuermanns disease" (ECF No. 1 at 17).  Both of these links between Plaintiff Brian Edward Reynolds in the instant case and Plaintiff Brian Edward Reynolds in the Northern District of Iowa case, Case No. 1:92cv256-MJM, convince the court that it is the same plaintiff.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior action was required and that dismissal of this action may result from his untruthful answer.[3] If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses

---

[3] Indeed, Section VIII of the complaint form includes the following notice: "***Failure to disclose all prior cases may result in the dismissal of this case.***" (*see* ECF No. 1 at 67) (emphasis in original).

Case No.: 5:18cv13/MCR/EMT

is to dismiss this cause <u>without</u> <u>prejudice</u>.[4]  *See* <u>Rivera</u>, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); <u>Spires</u>, No. 3:00cv249-RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances.").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1.    That this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) as malicious.

2.    That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 7th day of February 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits which he failed to identify would equate to overlooking his abuse of the judicial process. *See* <u>Hood</u>, 197 F. App'x at 819.  Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section VIII of the complaint form.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.